IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS D. HARRIS,

                Plaintiff,

  v.

BRIAN SCHALLER, GREG HEITZKEY,
CHRIS STEVENS, BRIAN VANLOO,
CHAD FRAPPIER, STEPHANIE SEQUIN,
MARILYN VANTERKINTER, WARDEN
WILLIAM POLLARD, MICHAEL DELVAUX,
WILLIAM SWIEKATOWSKI, TODD KAZIK,
STEVE SCHILLER, ALAN DEGROOT and
MICHAEL RHOADES,[1]

                Defendants.

ORDER

15-cv-397-wmc

---

In an order entered on August 11, 2017, plaintiff Thomas D. Harris was granted leave to proceed *in forma pauperis* against defendants Brian Schaller, Greg Heitzkey, Chris Stevens, Brian Vanloo, Chad Frappier, Stephanie Sequin, Marilyn Vanterkinter, Warden William Pollard, Michael Delvaux, William Swiekatowski, Todd Kazik, Steven Schiller, Allan Degroot, and Michael Rhoades. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Attorney General's office has filed an Acceptance of Service of plaintiff's complaint on behalf of all defendants, except Stephanie Sequin.

---

[1] I have amended the caption to replace C.O Schaller with the name Brian Schaller; Captain Heitzkey with the name Greg Heitzkey; Captain Stevens with the name Chris Stevens; C.O. Vanloo with the name Brian Vanloo; C.O. C. Frappier with the name Chad Frappier; Nurse S. Sequin with the name Stephanie Sequin; Nurse M. Vanterkinter with the name Marilyn Vanterkinter; C.O. Kazik with the name Todd Kazik; C.O. Schiller with the name Steve Schiller; and Rhoades with the name Michael Rhoades as identified in the Acceptance of Service.

1

The Attorney General's office has not accepted service on behalf of Stephanie Sequin because she is deceased. Federal Rule of Civil Procedure 25(a)(1) sets forth the procedure that must be followed when a party to a lawsuit dies:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

If no motion is filed by **November 20, 2017**, defendant Sequin will be dismissed.

Additionally, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of the defendants it represents. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department or defendants Brian Schaller, Greg Heitzkey, Chris Stevens, Brian Vanloo, Chad Frappier, Marilyn Vanterkinter, Warden William Pollard, Michael Delvaux, William Swiekatowski, Todd Kazik, Steven Schiller, Allan Degroot, and Michael Rhoades. The Department will access the document through the court's electronic filing system. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the soon-to-be-scheduled preliminary pretrial conference.

ORDER

IT IS ORDERED that if no party moves to substitute defendant Stephanie Sequin's estate as a defendant by **November 20, 2017**, defendant Sequin will be dismissed from the case.

Entered this 23rd day of August, 2017.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge