**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 7, 2020[*]
Decided December 9, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3124

| | |
|---|---|
| THOMAS HARRIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| v. | No. 15-cv-397-wmc |
| BRIAN SCHALLER, et al., *Defendants-Appellees*. | William M. Conley, *Judge*. |

### O R D E R

Thomas Harris, an inmate at Green Bay Correctional Institution in Wisconsin, seeks to appeal the dismissal of claims that arose in 2007 and 2013. The district court ruled that his 2007 claims were untimely and the 2013 claims unexhausted. It entered judgment on September 25, 2018. Thirty-four days later, Harris moved for

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

No. 19-3124 Page 2

reconsideration. A year later, on September 19, 2019, the court denied that motion as untimely under Rule 59(e) of the Federal Rules of Civil Procedure, and meritless under Rule 60. More than 30 days after this post-judgment ruling, Harris mailed a notice of appeal to contest both the judgment and post-judgment ruling. Because the notice is untimely, we lack jurisdiction to review both decisions and dismiss this appeal.

Harris argues that his appeal is timely under the prison mailbox rule. *See* FED. R. APP. P. 4(c). This rule treats a prisoner's documents as filed when the prisoner properly tenders them "to prison staff … regardless of whether they are ultimately mailed or uploaded." *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (mailbox rule applies to Rule 59(e) motions). A prisoner invoking the rule must prove the date that he deposited his filing with the prison's legal-mail system in one of two ways. *May v. Mahone*, 876 F.3d 896, 898 (7th Cir. 2017). He must submit either (1) a declaration under penalty of perjury of the date of deposit with proper postage or (2) "evidence (such as a postmark or date stamp) showing that the paper was so deposited and that postage was prepaid." FED. R. APP. P. 4(c); 25(a); *Cobb v. Aramark Corr. Servs., LLC*, 937 F.3d 1037, 1040 (7th Cir. 2019).

Harris argues that his post-judgment motion meets the first option for satisfying the mailbox rule, so it tolled his time to appeal. *See* FED. R. APP. P. 4(a)(4)(A). He declares that he signed and dated it from Green Bay on October 19, 2018, and attached to it a "certificate of service." But in his certificate, another inmate ("Walter Smith") declares that he "placed this … motion" in "Stanley Correctional Institution's internal mail system … addressed to" the court on "October 19, 2018." Many problems afflict this declaration, but one readily prevents it from complying with the mailbox rule: it is incredible. It states that as one inmate (Smith) in one prison (Stanley) possessed a document, another inmate (Harris) also possessed it at the same time while incarcerated at another prison (Green Bay). Incredible testimony that describes an impossibility, such as one thing in two places simultaneously, must be ignored. *See United States v Conley*, 875 F.3d 391 (7th Cir. 2017); *In re Chavin*, 150 F.3d 726 (7th Cir. 1998) (affirming decision to ignore incredible testimony, like an assertion "contrary to a law of nature.") Further, under a plain reading of the rule, the prisoner must send the filing from his place of incarceration. FED. R. APP. P. 4(c)(1).

Harris also cannot achieve tolling by using the second option—a postmark—to apply the mailbox rule to his post-judgment motion. The postmark on the envelope that

No. 19-3124                                                                                        Page 3

enclosed Harris's motion reflects the date October 29, 2018—34 days after judgment was entered. Harris needed to deposit his motion within 28 days of judgment to toll the time to appeal. *See* FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 59(e). Lacking proof of compliance, Harris cannot benefit from the prison mailbox rule's second option. *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007); *United States v. Craig*, 368 F.3d 738, 740–41 (7th Cir. 2004).

With tolling out of the picture, Harris filed his notice of appeal too late to appeal the judgment. He filed it a year after entry of judgment—well beyond the 30 days allowed under Federal Rule of Appellate Procedure 4(a)(1)(A). A timely appeal in a civil case is a jurisdictional requirement to which we may not make equitable exceptions. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). We thus lack jurisdiction to review the judgment. *See Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582 (7th Cir. 2012).

We also lack jurisdiction over the ruling on the post-judgment motion. The district court denied that motion on September 19, 2019, so Harris needed to file his notice of appeal within 30 days. This prison mailbox rule does not help him because he has no proof of that he deposited his notice of appeal in his prison's mail within those 30 days. He declares that he signed his notice on October 16, 2019, at Green Bay, but in another impossible declaration, Smith states that he deposited it in Stanley's mail system the same day. The postmark, the only other way to show compliance with the rule, reflects that the notice was mailed four days late, on October 23, 2019.

                                                                                              DISMISSED